**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORA SERMARINI | : |
| 205 Bridge Street | : |
| Phoenixville, PA 19460 | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : No.: |
| v. | : |
| | : |
| A STEP UP ACADEMY, INC. | : **JURY TRIAL DEMANDED** |
| 520 Meetinghouse Road | : |
| Jenkintown, PA 19046 | : |
| | : |
| Defendant. | : |
| | : |

## <u>CIVIL ACTION COMPLAINT</u>

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.    <u>INTRODUCTION</u>

1.    This action has been initiated by Debora Sermarini (*hereinafter* referred to as "Plaintiff") against A Step Up Academy, Inc. (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000, *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.[1]

### II.    <u>JURISDICTION AND VENUE</u>

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

---

[1] Plaintiff will move to amend this lawsuit to include claims under the PHRA once such claims are administratively exhausted, and such claims will mirror identically Plaintiff's federal claims (unless Defendant waives such exhaustion for judicial and case efficiency). Thus, a PHRA claim herein is references for notice purposes only and intentionally omitted from the Count section below.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the Title VII and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.    PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      A Step Up Academy, Inc. ("Defendant") was incorporated as a non-profit entity in or about 2013. This entity functions as a private, non-profit school in Pennsylvania for autistic children, teens, and young adults (providing K-12+ education).

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.    **FACTUAL BACKGROUND**

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     While working for Defendant, Plaintiff was 23 years old.

12.     Plaintiff joined (and became hired by) Defendant with a graduate-level degree (a Master's degree in Applied Behavior Analysis).

13.     Plaintiff was initially hired by Defendant in or about September of 2024 within is high school (and program therein).

14.     Plaintiff is exceptionally caring, hardworking, and technical. As a result, Plaintiff was promptly elevated to a Program Interventionist in or about March of 2025.

15.     As a Program Interventionist, Plaintiff was moved to Defendant's (then) somewhat newly created "Transition Hub." Online, Defendant advertised its "Transition Hub" as a "new Step Up Institute Transition Hub Program" to "support young adults" offering a "personalized vocational support plan" for "young adults aged 16-22."

16.     In or about the timeframe of April 2025, Defendant assigned Plaintiff to a 19-year-old male (hereinafter referred to only by his initials, "SC" for privacy reasons). SC was not a juvenile; he is (and was) *a young man*. This particular individual had a history of growing up in group homes, had mental-health problems, and was <u>known</u> to be problematic by Defendant in many different ways. He was also a stocky young man, coming from Philadelphia to Defendant's program(s). Plaintiff was assigned to provide 1:1 attention to SC.

17.     From in or about April 2025 until October of 2025, a period of **roughly seven (7)**
**months**, Plaintiff was subjected to a very (unlawful) hostile work environment. Defendant
utterly failed Plaintiff, did not protect her, and forced Plaintiff's resignation (through a
constructive termination). Here is what transpired during Plaintiff's approximate 7-month hostile
work environment providing 1:1 care and oversight to SC.

- Plaintiff was assigned to provide 1:1 oversight of SC 5 days per week (averaging roughly
  6.5 hours per day of interaction with him).

- Plaintiff was typically sexually harassed 10-20 times per day by SC (if considering
  specific comments and touching separately).

- The sexual harassment Plaintiff was experiencing on a daily basis was outrageous,
  egregious and should shock the conscience of anyone;

- SC was continually grabbing Plaintiff's waist, her buttocks, touching her chest,
  attempting to pet her, kiss her face, and reaching in her thighs to touch her genital area.
  ***This was daily and weekly.***

- SC would grab Plaintiff's wrists and arms to pull her towards him in a sexual manner
  such that she would continually have bruises on her wrists and arms.

- SC was aggressively pushing Plaintiff on the wall or into the corner of walls to be close
  and to dominate her, even forcing her by having his hands on her neck.

- SC was telling Plaintiff he was going to rape her, called her his good girl (or a good girl),
  asked Plaintiff if she likes that when he was aggressive with her, and other such
  commentary.

18.     The above bullet points are just examples. This pattern of sexual abuse and
harassment Plaintiff endured was a daily occurrence for her, and every day she struggled to avoid
injuries, his touching, commentary, and Plaintiff constantly tried to set boundaries (through
established behavioral techniques ***to no avail***). SC's sexual harassment and sexual assaults upon
Plaintiff *worsened and intensified* over time and were not abating in any manner.

19.     Plaintiff's immediate supervisor was "Wilson," a licensed behavioral specialist.
Jillian Winn ("Winn") was both the Chief Program and Chief Culture Officer (from a high-level

executive standpoint) overseeing programs, including Plaintiff's program (from Defendant's website profile of Winn). Winn also identifies as the "Associate Head of School" in her LinkedIn profile.

20.     Plaintiff complained to Wilson about ongoing sexual harassment. Plaintiff also escalated her concerns of sexual harassment to Winn. Plaintiff complained to both of them **dozens** of times, often becoming very emotional about what she was experiencing.

21.     Plaintiff's sexual harassment and sexual assault complaints spanned the entire timeframe in which she was subjected to a hostile work environment (all approximate 7 months). *In addition to* repeatedly complaining to the aforesaid management about everything in detail Plaintiff was experiencing as to sexual harassment, sexual touching, and sexual assaults - - Plaintiff *was submitting behavioral reports into Defendant's portal* for management to review identifying the ongoing sexual harassment she was enduring. Such reporting was also disseminated to Defendant's management. In continual communications about these issues with this management, Plaintiff was being told things like:

- Be patient, we are discussing a resolution on SC.

- We are working on handling this matter with SC.

- We are so sorry about what you are going through.

- We are very empathetic and know you are doing the best you can under the circumstances [and]

- A host of other platitudes or other comments to placate Plaintiff verbally in essence patting her on the back for her efforts and sending Plaintiff back to work with SC 1:1 daily.

22.     By the late summer and fall Plaintiff was developing depression, anxiety, and panic concerns. Plaintiff was not just scared anymore (only) at work; she was suffering from

trauma and symptoms outside of work on a daily basis (even when not working). The aforesaid hostile work environment was negatively affecting Plaintiff's daily life outside of work hours.

23.    Plaintiff was led to believe that her hostile work environment was being reviewed, investigated, and would be resolved for many months (despite that each day Plaintiff was progressively worsening in health and deteriorating mentally).

24.    Defendant **did not**: (a) move or transfer Plaintiff; (b) ensure Plaintiff regularly had someone else present or around when working with SC; or (c) suspend, remove or end SC's enrollment or matriculation in our program (as is required for such impropriety by a student or participant). These are all potential remedies (in addition to others) Defendant failed to provide notwithstanding Plaintiff's pleas for immediate intervention (and its statutory obligations to protect employees from sexual assault or harassment).

25.    Instead, Defendant functioned and operated as an understaffed and overwhelmed program *that was just trying to continue receipt of any funding it could from any and all persons in the program* (even if such persons were inappropriate for programs) and exploiting Plaintiff as a younger, inexperienced professional implying this is what we have to deal with in our chosen profession. But nobody should endure this, and Defendant had a statutory obligation to cease such an environment.

26.    Even in the October 2025 timeframe when Plaintiff told Winn she had to resign because she could not work with SC sexually harassing and assaulting her so severely and making her in fear daily, she was only apologetic (never offering any actual solution or telling Plaintiff how she could remain employed via an alternative resolution). Plaintiff worked a short time during the notice period, as she could not even work a full two (2) weeks due to her mental distress.

27.    Plaintiff was young (and of course still is), vulnerable, and trusted in her management that her environment would be resolved (based upon many months of false assurances). Defendant's inaction, violations of state and federal laws in perpetuating Plaintiff's hostile work environment, primary care about financial contributions over employee welfare, and gross recklessness caused Plaintiff to be continually violated, sexually harassed, sexually assaulted and to require ongoing therapy (and mental health care).

28.    Defendant's actions as aforesaid were objectively outrageous and warrant a punitive damage verdict, in addition to all other available remedies and damages.

## Count I
## <u>Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")</u>
### (Sexual Harassment, Hostile Work Environment & Constructive Discharge)

29.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.    Plaintiff was subjected to a hostile work environment, subjected to ongoing sexual assaults and sexual harassment, and forced to resign through constructive termination (after a prolonged unabated hostile environment spanning nearly 7 months).

31.    Defendant's conduct as outlined in this lawsuit constitute violations of Title VII, and its actions and inactions (comprising statutory violations) are the direct, proximate and actual cause of all harm suffered by Plaintiff.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting sexual harassment and shall implement appropriate safeguard and protections to prevent ongoing systemic violations to its employees;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits;

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, emotional trauma, and humiliation caused by Defendant's actions;

D.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.      Plaintiff is to receive a trial by jury.


                            Respectfully submitted,

                            **KARPF, KARPF & CERUTTI, P.C.**


            By:     _____
                            Ari R. Karpf, Esq. (Attn. No. 91538)
                            8 Interplex Drive, Suite 210
                            Feasterville-Trevose, PA 19053
                            (215) 639-0801 / akarpf@karpf-law.com


Dated: February 17, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Debora Sermarini | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A Step Up Academy, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| | | |
|---|---|---|
| 2/17/2025 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ X    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SERMARINI, DEBORA

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

A STEP UP ACADEMY, INC.

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE   2/17/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____